# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JONATHAN MOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-CV-04253-MDH |
| ) | |
| THERMAVANT TECHNOLOGIES, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 6). For the reasons discussed below, the Motion is **GRANTED** as to any of Plaintiff's federal claims only, and the Court declines to rule on the state law claims. Any federal claims by Plaintiff are dismissed with prejudice, and the case is remanded to the Circuit Court of Boone County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Boone County, Missouri, as required by 28 U.S.C. § 1447(c).

## BACKGROUND

This case arises out of the termination of Plaintiff by employer Defendant. Plaintiff's employment was stated to be terminated because of "non-compliance with City of Columbia's Ordinance 02484 and [Defendant's] policy requiring proper face covering." (Compl. Ex. A.). Plaintiff alleges wrongful termination, lost wages, breach of contract, and breach of implied contract. (Compl. generally).

The case was removed to this Court from the Circuit Court of Boone County, Missouri because "Plaintiff alleges in his Petition that [Defendant] terminated his employment in violation of federal law," and "refers to rights, standards, and regulations promulgated under the

1

Occupational Safety and Health Act [OSHA]." (Doc. 1, 2) Plaintiff argues this case was improperly removed because his Complaint "fails to identify any federal question." Indeed, Plaintiff argues that Defendant committed a crime against him by requiring him to wear a mask because it is "a crime in the State of Missouri to engage in the administration or application of a medical device without a physician's supervision…" (Doc. 7, 2).

**STANDARD**

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states[.]" "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." 28 U.S.C. § 1446(b). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted). This Court must resolve jurisdictional issues prior to resolving any other pending motions. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95 (1998) (noting "the requirement that jurisdiction be established as a threshold matter"). Thus, Allied World's Motion to Dismiss (Doc. 10) is secondary to the initial determination of jurisdiction.

## DISCUSSION

Plaintiff asserts he has no federal claims. (Doc. 7, 1). This Court agrees. While Plaintiff's Complaint alleges that Defendant violated federal law and OSHA policies, none of Plaintiff's claims concern federal law and rely exclusively on Missouri state law. Plaintiff does not allege that Defendant violated any federal law in connection with his state claims of wrongful termination, lost wages, and breach of contract. Plaintiff's Suggestions in Opposition to the Motion to Dismiss makes clear that Plaintiff brings claims based on Missouri laws concerning medical intervention, treatment, medical examination, informed consent, and duty of care. (Doc. 7, generally).

## CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Defendant's Motion to Dismiss as to only any of Plaintiff's federal claims based on Plaintiff's assertion that he presents no federal claims and this Court's agreement. The Court declines to rule on the state law claims, and the remainder of the action is remanded to the Circuit Court of Boone County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Boone County, Missouri, as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: February 16, 2021 　　　　　　　　　　　　　　　　　　　　*/s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**